UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN J. BALLINGER,

              Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

_____/

Case No. 1:14-cv-1318

Hon. Gordon J. Quist


## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion (ECF No. 21), amended motion (ECF No. 23), and second amended motion (ECF No. 27) for award of attorney's fees under 42 U.S.C. § 406(b).

### I.      Background

In a letter dated November 28, 2011, the Social Security Administration (SSA) advised plaintiff that his claim for benefits was denied. See Letter (ECF No. 7-4, PageID.116). Plaintiff requested a hearing in front of an Administrative Law Judge (ALJ), who entered a partially favorable decision, finding that plaintiff was under a disability as defined by the Social Security Act for a closed period from November 11, 2009 through May 7, 2012. *See* ALJ's Decision (July 24, 2013) (ECF No. 7-2, PageID.33-45). On December 23, 2014, plaintiff filed this action to appeal that decision. In his initial brief, plaintiff asked for an award of benefits from his alleged disability onset date or a remand under sentence four of 42 U.S.C. § 405(g). *See* Plaintiff's Initial Brief (ECF No. 13, PageID.676, 694). Defendant did not file a response. Rather, in an agreed order, the Court

reversed and remanded this matter to the Commissioner pursuant to sentence four to further develop the record. *See* Agreed Order (ECF No. 17); Judgment (ECF No.18). On remand, the Commissioner was required to, among other things, "properly address the issue of medical improvement and subsequent steps required to establish that the prior period of disability ended." *See* Agreed Order.

After remand, the Court approved the parties' joint stipulation to award plaintiff's counsel fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $3,622.50. *See* Order (ECF No. 20).

While on remand, the SSA awarded plaintiff benefits. The Commissioner issued a Notice of Change in Benefits dated May 5, 2016, which stated that plaintiff's past due benefits (commencing in August 2010) were $52,579.00, of which the SSA withheld $12,744.75 "in case we need to pay your lawyer." *See* Notice (May 5, 2016) (ECF No. 27-1, PageID.815-819).[1] Plaintiff has three dependents, each of whom received an award notice stating that "[name of dependent] will soon receive a payment for $5,824.75, which is the money [dependent] is due through April 2016. *See* Notices of Change in Benefits (ECF No. 27-1, PageID.820-828). The Notices also stated "We withheld $3,342.25 from your past due benefits to pay your representative." *Id*. Based on these notices, it appears that the three dependents received payments of $17,474.25 in past due benefits, with $10,026.75 withheld for attorney fees.

In his second amended motion, plaintiff's counsel stated that he spent 29.25 hours on this case in federal court, that plaintiff's past due benefits are $92,686.00, that plaintiff has three dependents, that the dependents received award notices, and that counsel is requesting a fee of

---

[1] Usually, the SSA withholds 25% of the past due benefits, which in this case would be $13,144.75. Here, it appears that the SSA withheld less than that amount.

$22,171.50. Second Amend. Motion at PageID.811. It is unclear how plaintiff reached the figure

of $92,686.00. Based on this record, the amount of the past due benefits awarded to plaintiff was

$52,579.00 and the amount of past due benefits awarded to the three dependants was $17,474.25,

resulting in a total amount of past due benefits awarded to plaintiff and his dependents of

$70,053.25. The total amount withheld of these past due benefits by the SSA to pay attorney fees

for plaintiff and the three dependents was $22,771.50.[2]

## II.     Discussion

Plaintiff's amended motion seeks an award of attorney fees pursuant to 42 U.S.C. §

406(b) for work done before this Court. Attorney fee awards in social security cases brought in this

Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title
> [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the
> court may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the

Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-

due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The

statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by

attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits.

---

[2] The total amount withheld, $22,771.50, would correspond to 25% of past due benefits totaling
$91,086.00. In this regard, it is unclear whether the past due benefits included those awarded in the partially
favorable decision entered on July 24, 2013 (before counsel's involvement in the case), or the total past due
benefits (which resulted from counsel's involvement in the case). Based on the SSA's notices, the Court
concludes that the total amount withheld constituted the 25% ceiling for an attorney fee award under 42
U.S.C. § 406(b). *See Hopkins v. Cohen*, 390 U.S. 530 (1968) (instructing that the 25% fee "ceiling" for
awards of attorney fees under 42 U.S.C. § 406(b) is not limited to past-due benefits received by claimant
alone, but is to be computed on past-due benefits received by claimant and the other dependent members of
family by virtue of the claimants disability).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (concluding that under 42 U.S.C. §§ 406(a) and 406(b), "each tribunal may award fees only for the work done before it").

Plaintiff's counsel submitted a contingent fee agreement in which plaintiff agreed to pay him a fee of 25% of the past due benefits resulting from his claim. *See* Employment Contract for Federal Court Work (docket no. 23-4, PageID.794). In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that Attorney Robison engaged in improper conduct or was ineffective. On the contrary, he secured a favorable result for his client. With respect to the second consideration, the Court must consider whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice

4

the standard rate may well be reasonable." *Id.*

Here, plaintiff's counsel states that he worked 29.25 hours on this matter. Amended Motion at PageID.770. *See* Billing Statement to Brian J. Ballinger (ECF No. 23-3, PageID.792-793). Counsel does not identify whether the individuals billing Mr. Ballinger were attorneys, other than noting that "CAR" bills at a rate of $150.00 per hour and "JLS" bills at a rate of $60.00 per hour. *Id.* Based on these hourly rates, the Court previously awarded plaintiff's counsel EAJA fees of $3,622.50. As discussed, the SSA withheld $22,771.50 which results in a hypothetical hourly rate of $778.51. The Court has considered an hourly rate of $175.00 as reasonable in Social Security Appeals.[3] This rate establishes a *Hayes* "floor" of $350.00 per hour. Attorney Robison's hypothetical hourly rate of $778.51 is more than twice that floor (i.e., more than four times the reasonable hourly rate). In opposing plaintiff's motion, defendant noted that this Court has found an effective hourly rate of $450.00 reasonable in at least one other case. In this instance, plaintiff's counsel obtained a favorable result which benefitted not only plaintiff, but plaintiff's three dependents. Given these results, the undersigned concludes that while the requested fee based on an hourly rate of $778.51 would constitute a windfall for counsel, a fee based upon an effective hourly rate of $450.00 would be reasonable. Accordingly, plaintiff's counsel should be awarded a fee of $13,162.50 (29.25 hours x $450.00).

Finally, this fee award is subject to offset for the previously awarded EAJA fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). As discussed, the Court has awarded Attorney Robison fees under the EAJA in the amount of $3,622.50. Thus, counsel's fee of

---

[3] *See, e.g.*, *Dunlap v. Commissioner of Social Security*, No. 1:13-cv-682 (Order) (docket no. 23) (W.D. Mich. March 31, 2016).

$13,162.50 should be reduced by the previous EAJA fee award of $3,622.50, resulting in a net fee

award from this Court of $9,540.00.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion and amended motion

for award of attorney's fees (ECF Nos. 21 and 23) be **DENIED** as moot, and that plaintiff's second

amended motion for award of attorney's fee (ECF No. 27) be **GRANTED IN PART** in the amount

of **$9,540.00**.


Dated: May 1, 2017                    /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report. All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).